IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Vincent Davidson (M21716), | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 5565 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| John Doe, et al., | ) | |
| Defendants. | ) | |

**ORDER**

The Court grants Plaintiff's renewed *in forma pauperis* application [12] and denies as unnecessary Plaintiff's motion to inform the court [13]. The Court orders the trust fund officer at Plaintiff's place of incarceration to immediately deduct $17.70 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk to send a copy of this order to the inmate trust account office at Plaintiff's place of incarceration and to the Court's Fiscal Department. The Court finds that Plaintiff may proceed on his complaint [1] in accordance with this order. The Clerk is instructed to file the complaint [1]. The Clerk is instructed to terminate Superintendent John Doe and Tom Dart as Defendants in this action and is directed to send Plaintiff a copy of this order. Plaintiff must promptly notify the Court if his address changes, and his failure to do so may also result in dismissal of this case. Plaintiff's motion for attorney representation [3] is denied without prejudice.

**STATEMENT**

Illinois prisoner Vincent Davidson has filed a *pro se* lawsuit concerning a search conducted by numerous officers at the Cook County Jail on February 27, 2025. Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his renewed application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $17.70 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court has reviewed Plaintiff's complaint to determine whether it is frivolous or fails to state a claim on which relief may be granted. In doing so, the Court reads the complaint liberally and takes Plaintiff's factual allegations as true. The complaint is thinly-pled and difficult to follow. That said, it pertains to a search by a number of officers at the Jail on February 27, 2025.

Plaintiff claims that Sgt. Majoch ordered Officer Svilar to "apprehend [him] because [he] appeared to be under the influence of suspected narcotics[.]" Plaintiff says that "Cook County medical cleared [him] upon going to dispensary and notified staff that [his] vitals were normal indicating that [he] was not under the influence[.]" Plaintiff claims that Sgt. Majoch ordered several officers to strip search him. Plaintiff says that Sgt. Wedorski, Officer McManus, and Officer Williams "performed a strip search of [him] and [his] person that [he] did not consent to." Plaintiff says that the search was captured on the body-cam of Sgt. Wedorski. Plaintiff says that he asked for "PREA" and was "denied because the staff invaded [his] private areas forcefully by prying [his] buttocks open using excessive force by twisting [his] are m behind [his] back." Plaintiff says he was denied medical attention and was "stripped completely naked and suffered humiliation "as Officer McManus improperly touched [his] buttocks in an uncomfortable manner[.]" Plaintiff says that he complained to a "mental health expert" about the "trauma" he experienced as a result of the search, but this individual failed to address "[his] needs[.]" Plaintiff describes being issued a disciplinary ticket in connection with the incident, although the report was ultimately dismissed. Plaintiff says that he has experienced "mental anguish" since the incident and he now sees "mental health for therapeutic sessions[.]" The complaint names as Defendants Superintendent John Doe, Sgt. J. Majoch, Sgt. Wedorski, Officer McManus, Officer J. Williams, and Tom Dart.

Plaintiff's allegations about the February 27, 2025 search conducted by officers Majoch, Wedorski, McManus, and Williams are sufficient to state claims under the Fourth and Fourteenth Amendments. The "Fourth Amendment protects (in a severely limited way) an inmate's right to privacy during visual inspections, subject to the reasonable intrusions that the realities of incarceration often demand." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). In particular, the Fourth Amendment protects pretrial detainees from searches that may serve an institutional objective, but nonetheless are performed "in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* at 781. Additionally, searches that are conducted in a harassing manner intended to humiliate a pretrial detainee and cause psychological pain may violate the Fourteenth Amendment's due process clause. *Streeter v. Sheriff of Cook Cnty.*, 576 F. Supp. 2d 913, 917 (N.D. Ill. 2008) (citing *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003)). Plaintiff's complaint is not a model of clarity, but Plaintiff's description of the complained-of search is sufficient to warrant further inquiry. Accordingly, Defendants Majoch, Wedorski, McManus, and Williams must respond to the complaint.

However, Plaintiff has not stated a claim against the two remaining Defendants, Superintendent John Doe and Sheriff Dart. They may not be held liable under § 1983 merely because of their high-level administrative or supervisory roles at the jail. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) ("[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution"). Plaintiff has not alleged any facts suggesting that these individuals were personally involved in, or even aware of, the search incident about which he complains. And Plaintiff's allegations do not suggest that he was injured due to any policy or practice at the jail (rather than individual conduct), so as to state an official capacity claim against these individuals. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Accordingly, the Court dismisses Superintendent John Doe and Tom Dart as Defendants.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendant or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for attorney representation (Dkt. 3) is denied without prejudice. There is "no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must consider two questions: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

Initially, Plaintiff's current motion does not sufficiently demonstrate that he made a reasonable attempt to retain counsel in this matter. His motion lists several attorneys/firms he contacted seeking representation, but he does not include their responses and he simply states that he is "indigent, incarcerated[.]" The motion could be denied on this basis alone. *See Pruitt*, 503 F.3d at 654-55; *Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself.").

In any event, the recruitment of counsel is not warranted. Plaintiff's complaint states viable claims and the case is now at the service of process stage. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to later refiling should the case proceed to a point where the need for counsel is more pressing.[1]

Date:   10/27/2025

                                                                                   MATTHEW F. KENNELLY
                                                                                    United States District Judge

---

[1] If Plaintiff re-files his motion for attorney representation, he should explain the attempts he has made to retain counsel (*pro bono*, if necessary) and include the responses.